**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1601

WHITNEY DAVIS; OCTAVIA PARKER; LASHONDA DIXON; STEPHANIE
CRAWFORD; JAMAR KENNEDY,

Plaintiffs - Appellees,

and

MICHAEL CHAPMAN,

Plaintiff,

v.

EDWINA MURRAY,

Defendant - Appellant,

and

UHH, WEE, WE CARE INC.; UHH WEE, WE CARE TRANSPORTATION INC.,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Stephanie A. Gallagher, District Judge. (1:17-cv-00494-SAG)

Submitted: September 14, 2021                    Decided: September 17, 2021

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit
Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Edwina Murray, Appellant Pro Se.  David Jacob Rodwin, PUBLIC JUSTICE CENTER, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 17, 2020, the district court granted Plaintiffs' motion for default judgment on their amended complaint alleging violations of the Fair Labor Standards Act, 28 U.S.C. §§ 201-219, and Maryland statutory and common law. On December 13, 2020, Defendants, Edwina Murray and two corporations, moved for reconsideration pursuant to Fed. R. Civ. P. 60(b). The district court denied that motion on January 11, 2021. On March 12, 2021, the district court granted Defendants' counsel's request to withdraw his appearance. On March 26, 2021, Murray, now proceeding pro se, filed another Rule 60(b) motion and a motion opposing garnishment.* The district court denied those motions on May 3, 2021, for the reasons stated in its prior orders. Murray noted an appeal on May 19, 2021, seeking to appeal multiple interlocutory orders and the orders entered on November 17, January 11, March 12, and May 3.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, the appeal period began to run on January 11, 2021, when the district court denied the first Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly,

---

* Murray is the sole movant for these motions and is the sole Appellant, as a corporation cannot proceed without counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

Murray had until February 10, 2021, to note an appeal of the January 11 order and all earlier orders. And she had until April 12, 2021, to note an appeal of the March 12 order. *See* Fed. R. App. P. 26(a). Murray did not file her notice of appeal until May 19 and did not obtain an extension or reopening of the appeal period. Accordingly, we dismiss the appeal of the January 11 order and all earlier orders as well as the March 12 order for lack of jurisdiction.

Although the appeal of the May 3 order denying Murray's second Rule 60(b) motion and motion opposing garnishment is timely, we conclude that the district court did not abuse it discretion in declining to revisit its prior rulings. *See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (stating standard). Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*
